(No. 41543.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* EDWARD EUGENE MERRILL, Appellant.

*Opinion filed June 20, 1969.*

THOMAS E. HORNSBY, of Dixon, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and ALBERT N. KENNEDY, State's Attorney, of Dixon, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The defendant, Edward Eugene Merrill, was tried by jury in the circuit court of Lee County and convicted of the crime of burglary for which he was sentenced to the penitentiary for a term of not less than 5 nor more than 18 years. The judgment of conviction was affirmed by the appellate court (*People* v. *Merrill,* 78 Ill. App. 2d 355) and this court denied leave to appeal. He filed a post-conviction petition in the trial court which was denied after an evidentiary hearing, and the case is now before us on appeal from the post-conviction judgment.

The post-conviction petition alleged that the defendant was arrested without a warrant and not taken before a magistrate for 7 days and that his confession was improperly obtained without advising him of his right to be silent and his right to counsel. The petition also contained general allegations of denial of due process and the denial of a fair trial and prejudice on the part of the prosecutor. The petition did not allege that the State used perjured testimony, but did refer to the fact that William Brickle, a State's witness who admitted being involved in the crime, had never been sentenced. At the hearing the defendant testified briefly and stated that he wished to stand on the record and on his petition and that he had nothing further to add. He moved for the production of the grand jury minutes and an arrest slip, and the State's Attorney testified under oath that no grand jury minutes were in existence and stated to the court, before being sworn, that he had made an inquiry and found that there was no "arrest slip" in existence. A deputy sheriff of Ogle County, where the defendant had been arrested, testified that there was no arrest slip. During the course of

the hearing mention was made of Brickle's testimony. Brickle had admitted taking part in the crime for which petitioner was on trial and testified that defendant was also involved in the crime. The record of the testimony at the original trial shows that Brickle denied that he had received any promise of leniency. At the post-conviction hearing it was stipulated that Brickle had never been indicted in Lee County for the crime of which defendant was convicted.

In this state of the record the trial judge was correct in his ruling that the defendant had failed to establish a violation of his constitutional rights. The only relevance of the alleged illegal arrest and detention was in connection with the allegation that defendant's confession was improperly obtained. The issue as to the confession was considered by the appellate court which held that the standards set forth in *Miranda* v. *Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, were not applicable because of the date of the trial, and also held that the confession was voluntary. The fact that Brickle had not been indicted was insufficient to establish a knowing use of perjured testimony, even if such an allegation had been contained in the petition. The trial court, of course, did not err in refusing to order the production of nonexistent grand jury minutes and an arrest slip.

Appellant's brief in this court incorporates certain proceedings which occurred after the post-conviction hearing. Brickle had been charged in Ogle County with another crime in which the defendant was also allegedly involved. The information charging him with that crime was filed in 1965 and Brickle entered a plea of guilty at that time. In August 1968, about 8 months after defendant's post-conviction hearing, Brickle filed a motion in Ogle County asking to withdraw his plea of guilty on which he had never been sentenced, on the ground that he had been promised immunity in case he testified on behalf of the State against the defendants involved in the Ogle County crime. The motion stated that he had faithfully performed

his services and asked that the information be dismissed. The motion was allowed and the information was dismissed.

Appellant urges that we consider these proceedings and argues that they demonstrate the falsity of Brickle's testimony in appellant's case that he had not been promised leniency. Apart from the fact that these proceedings were not considered by the trial court in the post-conviction case and are not properly a part of the record on this appeal, we are of the opinion that this evidence is insufficient to show that Brickle committed perjury in the Lee County case. The motion filed in Ogle County by Brickle referred only to the Ogle County proceedings and there is nothing in the motion or the subsequent order referring in any way to the Lee County prosecution which is involved here. The motion does not state when Brickle was promised immunity. In our opinion it would be purely speculation to conclude, on the basis of the Ogle County motion, that Brickle had been promised immunity or leniency in the Lee County case prior to the time he testified therein and to conclude that the Lee County prosecutor had knowledge of any such promise.

The defendant has had the benefit of an appeal from his conviction and a full evidentiary hearing in the post-conviction proceeding. We are of the opinion that the trial court properly denied the petition and the judgment of the circuit court of Lee County is affirmed.

*Judgment affirmed.*